# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA ROMANO, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | **Case No.:** |
| ) | |
| WESTGATE RESORTS, LTD., a ) | **COMPLAINT AND DEMAND FOR** |
| wholly-owned subsidiary of CENTRAL ) | **JURY TRIAL** |
| FLORIDA INVESTMENTS, INC., ) | |
| ) | **(Telephone Consumer Protection** |
| Defendant ) | **Act)** |

## COMPLAINT

PAMELA ROMANO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against WESTGATE RESORTS, LTD., a wholly-owned subsidiary of CENTRAL FLORIDA INVESTMENTS, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this court arises pursuant to 28 U.S.C. §1331 which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant regularly conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Pottstown, Pennsylvania.

6.      Defendant is a timeshare resort company with its headquarters located at 5601 Windhover Drive, Orlando, FL 32819.

7.      At all times relevant and material hereto, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.      During early May 2015, Defendant began to contact Plaintiff by calling her on her cellular telephone from the following phone numbers: (800) 285-1691. The undersigned has since confirmed that this phone number belongs to Defendant.

9.      Plaintiff knows it is Defendant calling because Plaintiff has spoken to a male caller who identified himself as a representative of Defendant.

10.     Plaintiff initially gave Defendant consent to call her when she first contacted Defendant regarding the possibility of purchasing timeshare in Florida.

11.     During the first phone call from Defendant to Plaintiff's cellular telephone, Plaintiff advised Defendant that she could no longer afford timeshare and revoked her consent for Defendant to continue calling her cellular telephone.

12.     This revocation was heard and acknowledged by Defendant, but the representative stated that the calls would continue since Plaintiff had created an account with Defendant.

13.     Defendant ignored this revocation and never updated its records, proceeding to make approximately twenty-five (25) additional calls to Plaintiff's cellular telephone between early May and June 2, 2015.

14.     These approximately twenty-five (25) additional calls made to Plaintiff's cellular phone between early May and June 2, 2015 were made using an artificial or prerecorded voice requesting that Plaintiff "Please call Westgate regarding your account" and would then provide a telephone number to call.

15.     Plaintiff also received and saved several prerecorded voice messages from Defendant as a result of these additional calls.

16.     These additional phone calls were not made for "emergency purposes."

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

**COUNT I**

17.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

18.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

19.     Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for any person within the United States to make any call without the prior express consent of the recipient and that is not for emergency purposes, using an automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

20.     Despite the fact that Plaintiff revoked any prior consent she may have given to Defendant to make calls to her cellular phone, Defendant continued to place numerous non-emergency calls to Plaintiff's cellular telephone using an artificial or prerecorded voice.

21.    The TCPA also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

WHEREFORE, Plaintiff, PAMELA ROMANO, respectfully prays for a judgment as follows:

a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PAMELA ROMANO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: June 2, 2016            By*: Amy L. Bennecoff Ginsburg*
                          Amy L. Bennecoff Ginsburg, Esquire
                          Kimmel & Silverman, P.C.
                          30 E. Butler Pike
                          Ambler, PA 19002
                          Phone: (215) 540-8888
                          Email:   aginsburg@creditlaw.com

- 5 -

PLAINTIFF'S COMPLAINT